# In the United States Court of Appeals for the Seventh Circuit

IN RE: THE BOEING COMPANY AIRCRAFT SECURITIES LITIGATION
PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, ET AL.,

*Plaintiffs-Appellees,*

v.

BOEING COMPANY AND DENNIS MUILENBURG,

*Defendants-Appellants.*

On Appeal from the U.S. District Court
for the Northern District of Illinois, Eastern Division
No. 1:19-cv-02394 (Hon. Franklin U. Valderrama)

## DEFENDANTS-APPELLANTS' RESPONSE TO ORDER SUSPENDING APPEAL

Richard C. Pepperman II
Benjamin R. Walker
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
peppermanr@sullcrom.com
walkerb@sullcrom.com

Jeffrey B. Wall
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
jwall@gibsondunn.com

*Counsel for Defendants-Appellants*
*The Boeing Company and Dennis A. Muilenburg*

(*Additional counsel listed on inside cover*)

David N. Whalen
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C.  20006
(202) 956-7500
whalend@sullcrom.com

John F. Hartmann, P.C.
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois  60654
(312) 862-2000
john.hartmann@kirkland.com

Craig S. Primis, P.C.
Katherine R. Katz
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 389-5000
cprimis@kirkland.com
katherine.katz@kirkland.com

**TABLE OF CONTENTS**

*Page*

INTRODUCTION...............................................................................................1

BACKGROUND................................................................................................5

ARGUMENT .................................................................................................10

I.      The Court Should Not Lift Its Suspension Order...................................10

        A.      The Court Properly Granted Permission To Appeal....................11

        B.      The Court Properly Suspended The Appeal To Allow
                The District Court To Rule On The Reconsideration
                Motion...........................................................................................14

II.     Plaintiffs' Other Arguments for Dismissal Lack Merit..........................18

CONCLUSION..............................................................................................21

# TABLE OF AUTHORITIES

*Page(s)*

**CASES**

*Berger* v. *Nazametz*,
2001 WL 936322 (S.D. Ill. June 26, 2001)......................................................16

*Blair* v. *Equifax Check Servs., Inc.*,
181 F.3d 832 (7th Cir. 1999)..............................................................3, 9, 14

*City of Los Angeles, Harbor Div.* v. *Santa Monica Baykeeper*,
254 F.3d 882 (9th Cir. 2001).................................................................17

*Coinbase, Inc.* v. *Bielski*,
599 U.S. 736 (2023).............................................................................17

*Comcast Corp.* v. *Behrend*,
569 U.S. 27 (2013)..........................................................................18, 19

*Countryside Bank* v. *Sheikh*,
853 F. App'x 3 (7th Cir. 2021)............................................................4, 17

*Florian* v. *Sequa Corp.*,
294 F.3d 828 (7th Cir. 2002)..........................................................10, 12, 13

*Gary* v. *Sheahan*,
188 F.3d 891 (7th Cir. 1999)..................................................................11

*Griggs* v. *Provident Consumer Discount Co.*,
459 U.S. 56 (1982)..............................................................................15

*Groves* v. *United States*,
941 F.3d 315 (7th Cir. 2019)..................................................................17

*Kusay* v. *United States*,
62 F.3d 192 (7th Cir. 1995)...................................................................17

*Mednick* v. *Precor, Inc.*,
2017 WL 2619139 (N.D. Ill. June 16, 2017)....................................................16

*Myles* v. *Gupta,*
    2016 WL 2859092 (W.D. Wis. May 16, 2016) .................................................16

*Nat'l Ass'n of Diversity Officers in Higher Educ.* v. *Trump,*
    781 F. Supp. 3d 380 (D. Md. 2025) ...................................................17

*Nova Scotia Health Emps.' Pension Plan* v. *McDermott Int'l, Inc.,*
    2025 WL 2814735 (5th Cir. Oct. 3, 2025) .......................................17

*Nutraceutical Corp.* v. *Lambert,*
    586 U.S. 188 (2019)..................................................................11, 12

*Sultan* v. *Fenoglio,*
    775 F.3d 888 (7th Cir. 2015).................................................16, 17

*Warren* v. *Am. Bankers Ins. of Fl.,*
    507 F.3d 1239 (10th Cir. 2007).................................................4, 17

**RULES**

Fed. R. App. P. 4(a)(4).........................................................*passim*

Fed. R. App. P. 5(d)(2) ...........................................................3, 14

Fed. R. Civ. P. 23(f) ...............................................................*passim*

Fed. R. Civ. P. 59 ...............................................................9, 16, 17

# INTRODUCTION

On May 11, 2026, this Court ordered that proceedings in this Rule 23(f) appeal "are **SUSPENDED** pending the district court's resolution of [a] motion for reconsideration" filed by plaintiffs.  Doc. 4.  The Court's order further provided that, "if a party contends that this appeal should not be suspended, then that party should file a brief memorandum on or before May 26, 2026, stating why suspension is not appropriate." *Id.*  In the hope of later being able to relitigate this Court's determination that Rule 23(f) review is warranted, plaintiffs seized on that invitation to make a submission arguing that the appeal instead should be dismissed. Doc. 7.  This Court should deny plaintiffs' request, and, consistent with Federal Rule of Appellate Procedure 4(a)(4), the appeal should remain suspended until the district court rules on plaintiffs' reconsideration motion.

As an initial matter, plaintiffs are wrong that this Court "procedurally botched" this appeal when it granted defendants' Rule 23(f) petition.  Doc. 7 at 1.  Defendants and the Court have proceeded exactly as the Federal Rules of Civil and Appellate Procedure provide.  Rule 23(f) states that "[a] party must file a petition for permission to appeal with the circuit clerk within 14 days" of entry of "an order granting or denying class-action certification."

Defendants did just that, and the panel granted the petition.

This Court was well aware of the pending reconsideration motion when it granted defendants' petition. Both sides' briefs prominently discussed plaintiffs' motion, *see* No. 26-8007, Doc. 16 at 3, 11-12, 19; No. 26-8007, Doc. 20-2 at 11, and plaintiffs even attached a copy of it to their opposition, *see* No. 26-8007, Doc. 16, S. App. 01-20. But plaintiffs did not contend their limited reconsideration motion affected the propriety of this Court's Rule 23(f) review of the certification order. Plaintiffs never argued that their pending motion rendered defendants' petition premature or deprived this Court of jurisdiction to grant permission to appeal. And for good reason: plaintiffs' motion for limited reconsideration does not challenge the grant of class certification or seek to modify the class definition in any way. Even if the district court were to reconsider the one finding that plaintiffs challenge—that one of the approaches to calculating damages offered by plaintiffs' expert at class certification is inconsistent with plaintiffs' liability theory—that would not moot either of the questions presented by the Rule 23(f) petition. *See* No. 26-8007, Doc. 1 at 5-6. In short, the Court correctly recognized that plaintiffs' limited reconsideration motion was *substantively* irrelevant to whether Rule 23(f) review is warranted.

The Court also correctly recognized, however, that the pending reconsideration motion is *procedurally* relevant under Federal Rule of Appellate Procedure 4(a)(4). Although Rule 4(a)(4) by its terms applies to notices of appeal filed after entry of judgment, it "codifies general federal practice regarding motions to reconsider even where the rules themselves do not apply on their own terms." Doc. 4 (citing *Blair* v. *Equifax Check Servs., Inc.*, 181 F.3d 832, 837 (7th Cir. 1999)). Once this Court granted permission to appeal, that triggered Rule 4(a)(4) and the "accepted rule of practice" it codifies. *Blair*, 181 F.3d at 837; *see* Fed. R. App. P. 5(d)(2) (analogizing "order granting permission to appeal" to filing of "notice of appeal"). Rule 4(a)(4) was specifically amended in 1993 to provide for suspension, rather than dismissal, of an appeal taken while a reconsideration motion remains pending below. *See* Fed. R. App. P. 4(a)(4) advisory committee's note to 1993 amendment.

This Court thus properly suspended the appeal pending the district court's resolution of plaintiffs' reconsideration motion. The suspension allows the district court to rule on plaintiffs' motion after the Court granted permission to appeal under Rule 23(f). The district court has stated that it "will issue a ruling on [plaintiffs' motion] promptly." District Court Dkt. No. 504. Once the district court rules, this Court's order granting permission

to appeal will "become[] effective" without any further action by the Court. *See* Fed. R. App. 4(a)(4)(B)(i); *Countryside Bank* v. *Sheikh*, 853 F. App'x 3, 5 (7th Cir. 2021) (earlier filed "appeal became operative once the district court disposed of the pending motion"). At that point, this Court may and should move forward with the appeal on the merits.

Plaintiffs seek to avoid that straightforward result by contending that this Court erred in both granting Rule 23(f) review and suspending the appeal and that dismissal is the only answer to the resulting "jurisdictional infirmity." Doc. 7 at 10. Plaintiffs assert that "unless this Court dismisses the appeal, the District Court will never be *able* to rule on the Reconsideration Motion." *Id.* But that ignores Rule 4(a)(4) and this Court's suspension order. Because the "appeal [i]s suspended, the district court retain[s] jurisdiction to rule upon the merits" of plaintiffs' motion. *Warren* v. *Am. Bankers Ins. of Fl.*, 507 F.3d 1239, 1245 (10th Cir. 2007). What plaintiffs really want is a do-over on the Rule 23(f) petition, in the hope that a different motions panel will deny permission to appeal. This Court's suspension order prevents that kind of gamesmanship. The Court should not lift its suspension order or take any other action at this time. It should allow the district court to address the pending motion and then move forward with the appeal of the class-certification order.

# BACKGROUND

On March 16, 2026, the district court issued its Memorandum Opinion and Order certifying a class. District Court Dkt. No. 486. The order states:

> For the foregoing reasons, the Court grants in part and denies in part Plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23. The Court certifies the following Class: all persons or entities who purchased or otherwise acquired Boeing common stock and/or call options or sold put options between November 7, 2018 and October 18, 2019, inclusive, and were damaged thereby. The Court also appoints Plaintiffs as Class Representatives, and approves Plaintiffs' selection of Bernstein Litowitz Berger & Grossman LLP as Class Counsel (with Kessler Topaz Meltzer & Check, LLP as additional counsel for the Class).

*Id.* at 62 (citation omitted).

Shortly before that decision was issued, plaintiffs served the merits report of their damages expert, Dr. David Tabak, in accordance with the schedule entered by the district court. District Court Dkt. No. 483-1. Plaintiffs then moved to supplement the class-certification record with Dr. Tabak's merits report. District Court Dkt. No. 483. The district court denied that motion. District Court Dkt. No. 486 at 23 n.6. As a result, the district court's certification decision mentions Dr. Tabak's merits report only once—in a footnote reflecting the *denial* of plaintiffs' request to supplement the class-certification record. *Id.*

The district court's certification decision created a problem for plaintiffs.

In support of class certification, Dr. Tabak offered two alternative proposed approaches to measuring damages arising from the Ethiopian Airlines accident. District Court Dkt. No. 434-3 ¶¶ 46-61. The court's certification decision found that Dr. Tabak's first proposed approach is inconsistent with plaintiffs' liability theory, and thus determined that damages related to the Ethiopian Airlines accident could only be calculated using Dr. Tabak's second proposed approach. District Court Dkt. No. 486 at 39-43. While that finding did not affect the scope of the certified class, plaintiffs found themselves in a predicament because Dr. Tabak's merits report eschewed the second proposed approach to damages associated with that accident and relied solely on the first proposed approach—which the district court had rejected in certifying a class. District Court Dkt. No. 483-1 ¶¶ 13-35.

Faced with this contradiction between the district court's finding and Dr. Tabak's merits report, plaintiffs filed a motion for limited reconsideration or, in the alternative, leave to amend Dr. Tabak's report. District Court Dkt. No. 489-1. This motion did not challenge the grant of class certification or seek to alter the class definition. In fact, plaintiffs did not challenge any aspect of the certification order. *See* District Court Dkt. No. 486 at 62 (order). Rather, plaintiffs sought "reconsideration of one finding"—namely, that Dr. Tabak's

first proposed approach to measuring damages arising from the Ethiopian Airlines accident is inconsistent with plaintiffs' liability theory. District Court Dkt. No. 489-1 at 1. "Alternatively, Plaintiffs [requested] leave to amend Dr. Tabak's already-filed report to conform to the Court's finding." *Id.*

Plaintiffs filed their reconsideration motion on Friday, March 27, 2026. District Court Dkt. No. 489-1. Rule 23(f)'s 14-day deadline for seeking permission to appeal the order granting certification expired the next business day—on Monday, March 30, 2026. *See* Fed. R. Civ. P. 23(f) (providing as relevant here that "[a] party must file a petition for permission to appeal with the circuit clerk within 14 days after the order is entered"). Because plaintiffs' motion for limited reconsideration did not challenge the order granting class certification or the class definition, defendants were concerned that the ruling on that motion, particularly if reconsideration were denied, would not qualify as "an order granting or denying class-action certification" under Rule 23(f). At the very least, defendants believed that plaintiffs might contend that a later-filed petition was untimely. Defendants thus filed their Rule 23(f) petition on March 30. No. 26-8007, Doc. 1.

Both sides discussed plaintiffs' reconsideration motion in their briefs in connection with defendants' petition. Plaintiffs prominently referenced the

motion throughout their opposition—in the introduction, background, and argument.  *See* No. 26-8007, Doc. 16 at 3, 11-12, 19.  They even attached a copy of their reconsideration motion to their opposition.  *Id.*, S. App. 01-20.  But plaintiffs never argued that the pendency of that motion rendered defendants' Rule 23(f) petition premature or deprived this Court of jurisdiction.  They instead contended that the finding that Dr. Tabak's first proposed damages approach is inconsistent with their liability theory "was erroneous" and advised the Court that they had "sought reconsideration of that finding."  *Id.* at 19.  Defendants responded that plaintiffs' need to amend Dr. Tabak's merits report "shows why courts at class certification should not simply accept an expert's promise to develop an adequate damages methodology at a later date."  No. 26-8007, Doc. 20-2 at 11 (citation omitted).

After this Court granted defendants' Rule 23(f) petition, defendants asked plaintiffs whether they would join in a motion below to stay all proceedings in the district court pending resolution of the appeal.  Exhibit A.  Plaintiffs responded that they did "not oppose the stay except as to the pending motion for reconsideration."  *Id.*  Rather than raise jurisdictional concerns, plaintiffs explained that they "oppose staying the motion for reconsideration as it is fully briefed, *does not depend on the outcome of the*

*appeal*, would aid the Seventh Circuit, and staying its resolution would needlessly delay the proceedings." *Id.* (emphasis added).

On May 11, 2026, this Court suspended this appeal. Doc. 4. Citing Rule 4(a)(4), this Court explained that "[a]n appeal filed before the district court issues its ruling on a timely motion under Rule 59 of the Federal Rules of Civil Procedure is ineffective until the order disposing of the motion is entered on the district court's civil docket." *Id.* "This rule codifies the general federal practice regarding motions to reconsider even where the rules themselves do not apply on their own terms." *Id.* (citing *Blair*, 181 F.3d at 837). This Court noted that plaintiffs' motion "may be a timely motion to reconsider that renders this appeal premature, because the district court has not yet disposed of the motion." *Id.* But rather than dismiss the appeal, this Court properly ordered that "proceedings in this appeal are **SUSPENDED** pending the district court's resolution of the motion for reconsideration" and directed defendants to "file a status report within seven days of a ruling." *Id.*

Plaintiffs promptly filed a copy of this Court's order with the district court. District Court Dkt. No. 499. But plaintiffs did not suggest to the district court that it lacks jurisdiction to rule on plaintiffs' reconsideration motion unless the appeal is dismissed. The district court advised the parties that it

had "reviewed . . . the Seventh Circuit's Order."  District Court Dkt. No. 504.  The court noted that "the Seventh Circuit has suspended the appellate proceedings until the Court resolves Plaintiffs' pending motion to reconsider" and stated that "the Court will issue a ruling on it promptly."  *Id.*

## ARGUMENT

This Court properly suspended the appeal, which allows the district court to rule on the pending motion for limited reconsideration, after which this Court may proceed with the merits of the appeal.  Plaintiffs' various opportunistic arguments for dismissal lack merit.

## I.    The Court Should Not Lift Its Suspension Order.

The Court's May 11 Order provides that, "[i]f a party contends that this appeal should not be suspended, then that party should file a brief memorandum on or before May 26, 2026, stating why suspension is not appropriate."  Doc. 4.  Plaintiffs took that invitation as an opportunity to argue for dismissal, which they say is the only way to cure this "procedurally botched appeal."  Doc. 7 at 1 (quoting *Florian* v. *Sequa Corp.*, 294 F.3d 828, 828 (7th Cir. 2002)); *see id.* at 10-12.  Plaintiffs are wrong down the line:  the Court did not procedurally err in granting Rule 23(f) review; it likewise did not procedurally err in suspending the appeal; and that suspension returns

-10-

jurisdiction to the district court to rule on plaintiffs' pending motion.

## A. The Court Properly Granted Permission To Appeal.

Plaintiffs assert that defendants failed to "file[] a proper petition within the timeframe established by the federal rules." Doc. 7 at 10-11. Not true. Defendants followed Rule 23(f)'s plain text: the district court's March 16 certification order is "an order granting . . . class-action certification," and defendants filed their "petition for permission to appeal with the circuit clerk within 14 days after [that] order [was] entered." Fed. R. Civ. P. 23(f). To be sure, this Court has stated that an "appeal may be filed either from the order itself *or* from the disposition of a request for reconsideration filed within the time for appeal." *Gary* v. *Sheahan*, 188 F.3d 891, 892 (7th Cir. 1999) (emphasis added). But plaintiffs do not cite any court that has held that a Rule 23(f) petition may not be filed within 14 days of a certification order, simply because the opposing party asked for reconsideration of one limited finding.

Plaintiffs are thus wrong that the "rules prohibit th[is] Court from considering a petition . . . while a motion to reconsider the order is pending." Doc. 7 at 11. Rule 23(f) does not say that. Nor does *Nutraceutical Corp.* v. *Lambert*, 586 U.S. 188, 190 (2019), which plaintiffs also cite (at 11). There, the Supreme Court addressed "whether a court of appeals may forgive on

equitable tolling grounds a failure to adhere to [Rule 23(f)'s] deadline." 586 U.S. at 190. The Supreme Court held that a Rule 23(f) petition filed more than 14 days after a certification order was untimely and that the court of appeals had erred in granting it, *id.* at 189-194, without "address[ing] the effect of a motion for reconsideration filed within the 14-day window," *id.* at 197 n.7. Nothing in *Nutraceutical* prevented this Court from considering defendants' timely petition filed within the 14-day period just because plaintiffs had sought reconsideration of one finding.

This case is also nothing like *Florian*, which plaintiffs cite throughout their submission. Doc. 7 at 1, 2, 9, 13, 16. In *Florian*, the plaintiffs' lawyer made an "obviously" false assertion "in the docketing statement, repeated in his appeal brief, that there was jurisdiction to decide the appeal." 294 F.3d at 830. "When [the defendants] pointed this out in [a] motion for a stay of the appeal and later in the appeal brief, the [plaintiffs'] lawyer should have responded . . . that they were correct, so that the case would have been removed from the argument calendar." *Id.* He did not. And when the Court asked the "lawyer to submit a letter . . . responding to the [defendants'] jurisdictional statement," he replied that he "was on vacation in Florida" and that "he could not respond until he returned to Chicago the evening of the

second day before the scheduled argument." *Id.* at 829. The plaintiffs' lawyer ultimately provided an ambiguous response "the day before the argument." *Id.* Under "these circumstances," the Court "thought it appropriate to dismiss the appeal as a sanction." *Id.* at 830.

Citing *Florian*, plaintiffs contend that the "option" of dismissal as a sanction "is available [here] as well." Doc. 7 at 13 n.1. That contention does not pass the straight-face test. Far from attempting to hoodwink this Court about its own jurisdiction, defendants here complied with Rule 23(f)'s plain text by seeking permission to appeal within 14 days of the class-certification order. In their Rule 23(f) briefs, both parties discussed plaintiffs' motion, *see* No. 26-8007, Doc. 16 at 3, 11-12, 19; No. 26-8007, Doc. 20-2 at 11, and plaintiffs even attached a copy to their opposition, *see* No. 26-8007, Doc. 16, S. App. 01-20. The Court thus was well aware of that motion when it granted permission to appeal—which was entirely appropriate because plaintiffs have sought reconsideration of only a single finding by the district court that will not affect the need for Rule 23(f) review. Plaintiffs cannot use their narrow reconsideration motion or the Court's suspension order to wriggle out of appellate review of class certification altogether.

**B.** **The Court Properly Suspended The Appeal To Allow The District Court To Rule On The Reconsideration Motion.**

1. In a variation on their theme, plaintiffs argue that suspending the appeal does "not remedy" the Court's supposedly "premature" grant of permission to appeal. Doc. 7 at 12. That argument is wrong too. As plaintiffs acknowledge, "when a party files a notice of appeal from a final judgment while a motion to reconsider is still pending, the Rules provide that 'the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.'" *Id.* (quoting Fed. R. App. 4(a)(4)(B)(i)). In other words, Rule 4(a)(4) specifically provides that when an appeal is taken while a reconsideration motion is pending, the right procedure is *not* dismissal. Rather, the appeal is suspended until the district court rules on the pending motion.

Citing *Blair*, this Court's May 11 Order correctly recognized that this same principle applies to Rule 23(f) appeals. Doc. 4. In *Blair*, this Court held that Rule 4(a)(4) "restates an accepted rule of practice," which also applies to interlocutory appeals of class-certification orders. 181 F.3d at 837. Federal Rule of Appellate Procedure 5(d)(2) similarly recognizes that "an order granting permission to appeal" serves the same purpose under the rules as a "notice of appeal." In applying the general principle codified in Rule 4(a)(4),

there is no basis to distinguish between a notice of appeal filed after judgment and the grant of permission to appeal under Rule 23(f). In either case, the appeal remains suspended while a reconsideration motion remains pending below, allowing the district court to rule on that motion.

2. Plaintiffs insist that "mere suspension" is not enough. Doc. 7 at 2. They argue that only dismissal returns jurisdiction to the district court to rule on a reconsideration motion. *Id.* at 14. Again, that is wrong—it ignores the 1993 amendment to Federal Rule of Appellate Procedure 4(a)(4). Because the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," before the 1993 amendment, if a party filed a notice of appeal while a reconsideration motion was still pending, the appeal was treated as a "nullity" so that the district court could rule on the motion, and a second notice of appeal was required. *Griggs* v. *Provident Consumer Discount Co.*, 459 U.S. 56, 58, 61 (1982). "[S]everal courts . . . expressed dissatisfaction with the rule" requiring a second notice of appeal. Fed. R. App. P. 4(a)(4) advisory committee's note to 1993 amendment (citing *Griggs*).

The 1993 amendment changed this rule. Rule 4(a)(4)(A)(iv) lists various motions that trigger the suspension of an appeal, including motions "to alter

or amend the judgment under Rule 59." Courts often "construe[]" motions for reconsideration of class certification orders "as motions to alter or amend under [Rule 59(e)]." *Berger* v. *Nazametz*, 2001 WL 936322, at *1 (S.D. Ill. June 26, 2001); *see Mednick* v. *Precor, Inc.*, 2017 WL 2619139, at *3 (N.D. Ill. June 16, 2017). As amended, Rule 4(a)(4) provides that an appeal taken "before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, *suspended* until the motion is disposed of." Fed. R. App. P. 4(a)(4) advisory committee's note to 1993 amendment (emphasis added). The suspension "deprives the court of appeals of jurisdiction until the district court enters an order disposing of the motion." *Myles* v. *Gupta*, 2016 WL 2859092, at *1 (W.D. Wis. May 16, 2016). The appeal "becomes effective . . . when the order disposing of the . . . motion is entered." Fed. R. App. P. 4(a)(4)(B)(i).

Suspension of the appeal thus *eliminates* any jurisdictional bar to the district court's resolution of a reconsideration motion. This Court and others have made clear that suspension restores jurisdiction to the district court to resolve an undecided reconsideration motion. *See, e.g., Sultan* v. *Fenoglio*, 775 F.3d 888, 889 (7th Cir. 2015) ("The court mistakenly asserted that it could not rule on Sultan's motion [for reconsideration] because he already had filed

a notice of appeal from the dismissal.") (citing Fed. R. App. P. 4(a)(4)(B)(i));

*Warren*, 507 F.3d at 1245 ("Because Plaintiff's notice of appeal was suspended, the district court retained jurisdiction to rule upon the merits of Plaintiff's 'motion to reconsider.'"); *Nat'l Ass'n of Diversity Officers in Higher Educ.* v. *Trump*, 781 F. Supp. 3d 380, 384 (D. Md. 2025) ("[The district court] has jurisdiction to rule on Plaintiffs' Rule 59 motion—and indeed must do so, to end the period in which the notice of appeal has been 'suspended' by Plaintiffs' filing of their Rule 59 motion.").  Plaintiffs have no answer to these cases.[*]

Once the district court resolves plaintiffs' reconsideration motion, this Court's order granting permission to appeal "becomes effective," and the Court may proceed with the appeal.  Fed. R. App. P. 4(a)(4)(B)(i); *see* Fed. R. App. P. 4(a)(4) advisory committee's note to 1993 amendment ("The amendment provides that a notice of appeal filed before the disposition of a specified posttrial motion will become effective upon disposition of the motion."); *Countryside Bank*, 853 F. App'x at 5 (earlier filed "appeal became

---

[*]    Not one of the cases cited by plaintiffs (at 14-15) involved a suspended appeal.  *See Coinbase, Inc.* v. *Bielski*, 599 U.S. 736, 740 (2023); *Nova Scotia Health Emps.' Pension Plan* v. *McDermott Int'l, Inc.*, 2025 WL 2814735, at *4 (5th Cir. Oct. 3, 2025); *Groves* v. *United States*, 941 F.3d 315, 319-320 (7th Cir. 2019); *City of Los Angeles, Harbor Div.* v. *Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *Kusay* v. *United States*, 62 F.3d 192, 194 (7th Cir. 1995).

operative once the district court disposed of the pending motion") (citing Fed. R. App. P. 4(a)(4)(B)(i)). The Court therefore should not lift its suspension order or take any other action at this time. It should allow the district court to address the pending motion and then proceed, as Rule 4(a)(4)(B)(i) provides, with defendants' appeal of the class-certification order.

## II. Plaintiffs' Other Arguments for Dismissal Lack Merit.

A. Plaintiffs suggest that the district court's ruling on their motion for reconsideration might "moot" this appeal. Doc. 7 at 16. Predicting victory to come, plaintiffs assert that "[t]here is good reason to think the District Court will grant [the] relief" requested. *Id.* at 17. While defendants obviously disagree, it does not matter here. Even if the district court were to grant plaintiffs' motion in full, that would do nothing to moot this appeal.

Defendants' 23(f) petition presents two broad questions: (i) whether plaintiffs satisfied their burden under *Comcast Corp.* v. *Behrend*, 569 U.S. 27 (2013), to provide a classwide damages methodology simply by reciting the generally applicable legal standard for damages in securities-fraud cases, and (ii) whether plaintiffs satisfied their burden of proving that Boeing options trade in an efficient market. No. 26-8007, Doc. 1 at 5-6. By contrast, plaintiffs' motion for limited reconsideration challenges just one of the district court's

findings: that Dr. Tabak's first proposed approach to calculating damages arising out of the Ethiopian Airlines accident is inconsistent with plaintiffs' liability theory. District Court Dkt. No. 489-1 at 1. The district court's decision regarding that narrow finding will not moot defendants' appeal of either question. Until this Court's suspension order, plaintiffs never claimed otherwise. They still concede that their motion will have no effect on the question of "market efficiency for Boeing options." Doc. 7 at 16 n.4.

Plaintiffs assert that their motion "urge[s]" the district court to base its reconsideration decision "on Dr. Tabak's comprehensive merits report." Doc. 7 at 16. That assertion is misleading. Contrary to plaintiffs' suggestion, *id.* at 17, their motion does *not* ask the district court to redo its entire *Comcast* analysis using Dr. Tabak's merits report. Nor does plaintiffs' motion seek reconsideration of the district court's denial of their request to supplement the class-certification record with Dr. Tabak's merits report. District Court Dkt. No. 486 at 23 n.6. Dr. Tabak's merits report is not even the focus of plaintiffs' reconsideration motion, which cites it in only three places: one sentence in the introduction, a short subsection in the factual background, and one footnote in the argument. District Court Dkt. No. 489-1 at 4-5, 9-10, 14 n.2. The only reason that report is relevant to their motion is because plaintiffs alternatively

request leave to amend Dr. Tabak's report to salvage their damages case at the merits stage. *Id.* at 15. But that request is of no moment here because Dr. Tabak's merits report is not part of the certification record on appeal.

B. Plaintiffs state that unless the appeal is dismissed, they may "be required to file an independent Rule 23(f) petition when the District Court decides reconsideration" rather than a cross-petition. Doc. 7 at 19. But aside from a vague reference to "confusion, duplication of briefing, and delay," *id.*, plaintiffs do not explain how that distinction would result in any difference beyond the caption on their document. Either way, this Court would have discretion whether to grant plaintiffs permission to appeal.

C. Plaintiffs lastly assert that "moving forward with an appeal certified on the basis of this petition would unnecessarily call into question the validity of any decision this Court might later reach." Doc. 7 at 19. But that assertion ignores Rule 4(a)(4) and the cases discussing the effect of suspension. *See supra* pp. 16-18. Plaintiffs' real concern is this Court's grant of Rule 23(f) review. Having never raised a jurisdictional issue before, plaintiffs now see a potential opportunity to undo the grant of review in the hope that, if defendants are forced to refile their petition, a different panel of this Court will reach a different conclusion on whether review is warranted.

That is precisely the type of gamesmanship that suspension avoids.

## CONCLUSION

Plaintiffs' request to dismiss the appeal should be denied, and the appeal should remain suspended until the district court rules on plaintiffs' motion.

Dated:  May 26, 2026

Respectfully submitted,

/s/ *Jeffrey B. Wall*

Richard C. Pepperman II
Benjamin R. Walker
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000
peppermanr@sullcrom.com
walkerb@sullcrom.com

David N. Whalen
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C.  20006
(202) 956-7500
whalend@sullcrom.com

Jeffrey B. Wall
GIBSON DUNN
1700 M. Street, N.W.
Washington, D.C.  20036
(202) 955-8500
jwall@gibsondunn.com

John F. Hartmann, P.C.
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois  60654
(312) 862-2000
john.hartmann@kirkland.com

Craig S. Primis, P.C.
Katherine R. Katz
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 389-5000
cprimis@kirkland.com
katherine.katz@kirkland.com

*Counsel for Defendants-Appellants*
*The Boeing Company and Dennis A. Muilenburg*

-21-

# CERTIFICATE OF COMPLIANCE

1.	This document complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Circuit Rule 32 because it contains 4,563 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.	This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Century Expanded BT font.

*/s/ Jeffrey B. Wall*
Jeffrey B. Wall

Dated:  May 26, 2026

# CERTIFICATE OF SERVICE

I certify that, on May 26, 2026, I caused the foregoing Defendants-Appellants' Response to Order Suspending Appeal to be electronically filed with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

/s/ *Jeffrey B. Wall*
Jeffrey B. Wall

Dated:  May 26, 2026

# Exhibit A

| From: | John Esmay <John.Esmay@blbglaw.com> |
| Sent: | Friday, May 8, 2026 4:38 PM |
| To: | Katz, Katherine R.; Katie M. Sinderson; Michael Mathai; Hartmann, John F.; Monroe, Kenneth; Masters, Brad; Pepperman II, Richard C. |
| Cc: | Salvatore Graziano; Timothy Fleming; Mathews de Carvalho; Jonathan D'Errico; Josh Materese |
| Subject: | [EXTERNAL] RE: Boeing: Stay Pending Resolution of Class Certification Appeal |

Kate,

Without agreeing that a stay is appropriate in these circumstances, and reserving all of our rights, we do not oppose the stay except as to the pending motion for reconsideration. We oppose staying the motion for reconsideration as it is fully briefed, does not depend on the outcome of the appeal, would aid the 7th Circuit, and staying its resolution would needlessly delay the proceedings. Please let us know if this is amenable to Defendants.

John

**From:** Katz, Katherine R. <katherine.katz@kirkland.com>
**Sent:** Friday, May 8, 2026 11:24 AM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>; Hartmann, John F. <jhartmann@kirkland.com>; Monroe, Kenneth <kenneth.monroe@kirkland.com>; Masters, Brad <brad.masters@kirkland.com>; *peppermanr@sullcrom.com <peppermanr@sullcrom.com>
**Cc:** Salvatore Graziano <Salvatore@blbglaw.com>; John Esmay <John.Esmay@blbglaw.com>; Timothy Fleming <Timothy.Fleming@blbglaw.com>; Mathews de Carvalho <Mathews.DeCarvalho@blbglaw.com>; Jonathan D'Errico <Jonathan.DErrico@blbglaw.com>; Josh Materese <jmaterese@ktmc.com>
**Subject:** Boeing: Stay Pending Resolution of Class Certification Appeal

**[This message is from an external sender]**

 [report.mimecastcybergraph.com]

Katie,

Given the appellate Court granted Boeing's 23(f) petition, we intend to file a motion asking Judge Valderrama to stay all proceedings pending resolution of the interlocutory appeal of the Court's class certification order. Please let us know whether you agree to filing a joint request for a stay or, if not, what your position is on the motion.

Thanks,
Kate

**Katherine R. Katz**

Kirkland & Ellis LLP
1301 Pennsylvania Ave., NW | Washington, D.C. 20004

DIRECT: 202.389.5184 | FAX 202.389.5200
katherine.katz@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

**\*\*This is an external message from: john.esmay@blbglaw.com \*\***