No. 26-2018

# In the United States Court of Appeals for the Seventh Circuit

IN RE: THE BOEING COMPANY AIRCRAFT SECURITIES LITIGATION

PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, et al.,
*Plaintiffs-Appellees*,

v.

THE BOEING COMPANY AND DENNIS MUILENBURG,
*Defendants-Appellants.*

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 1:19-cv-02394
(Hon. Franklin U. Valderrama)

## PLAINTIFFS-APPELLEES' SUPPLEMENTAL RESPONSE TO ORDER SUSPENDING APPEAL


**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano
Katie M. Sinderson
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
Salvatore@blbglaw.com
KatieM@blbglaw.com

**KESSLER TOPAZ MELTZER & CHECK LLP**
Andrew L. Zivitz
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
azivitz@ktmc.com

*Counsel for Plaintiffs-Appellees*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

ARGUMENT .......... 3

I. The reconsideration ruling does not cure the defect that requires dismissal. .......... 3

II. The reconsideration ruling makes continued review less appropriate, not more. .......... 7

III. A supplemental Rule 23(f) petition would not cure the jurisdictional defect. .......... 11

CONCLUSION .......... 14

## TABLE OF AUTHORITIES

### Cases

*Coinbase, Inc. v. Bielski*,
599 U.S. 736 (2023) .......... 6

*Comcast Corp. v. Behrend*,
569 U.S. 27 (2013) .......... 9, 10

*Driver v. Apple Illinois, LLC*,
739 F.3d 1073 (7th Cir. 2014) .......... 2, 7, 8, 12, 13

*Griggs v. Provident Consumer Disc. Co.*,
459 U.S. 56 (1982) .......... 3, 4, 6

*Groves v. United States*,
941 F.3d 315 (7th Cir. 2019) .......... 6

*Kusay v. United States*,
62 F.3d 192 (7th Cir. 1995) .......... 6

Nutraceutical Corp. v. Lambert,
586 U.S. 188 (2019) .......... 3

*Wolff v. Aetna Life Ins. Co.*,
77 F.4th 164 (3d Cir. 2023) .......... 8, 13

### Rules

Fed. R. App. P. 12.1 .......... 6

Fed. R. App. P. 12.1(b) .......... 7

Fed. R. App. P. 23(f) .......... 1, 2, 3, 4, 5, 7, 8, 10, 11, 12, 13

Fed. R. App. P. 4(a)(4)(B) .......... 5

Fed. R. App. P. 4(a)(4)(B)(i) .......... 4

Fed. R. Civ. P. 62.1 .......... 6

## INTRODUCTION

Plaintiffs-Appellees file this submission to supplement their prior Response (Doc. 7) to this Court's May 11, 2026 Order (Doc. 4). That Order requested the parties' views on how the Court should address the premature filing and granting of Defendants-Appellants' Rule 23(f) Petition while a motion to reconsider the underlying class-certification decision remained pending in the District Court. As Boeing recently informed the Court, on June 18, 2026, the District Court granted Plaintiffs' motion to reconsider a key portion of its previous class-certification decision. *See* Doc. 10. That development only reinforces Plaintiffs' argument that Defendants' premature appeal should be dismissed. Dismissal would provide the District Court undisputed jurisdiction to amend its prior order. It would also allow Boeing to file a timely Rule 23(f) petition to review the new order. And it would avoid the intractable jurisdictional problems that will continue if this Court allows Boeing to simply "supplement[]" its premature and thus ineffective prior petition in order to keep this appeal alive. *See* Doc. 10, at p.4 of 6.

That is so for three reasons. ***First***, the reconsideration ruling does not cure the defect this Court identified in the May 11 order; it confirms that Boeing's petition was filed before there was a final order from the District Court to review. ***Second***, the class-certification order this Court originally took up is no longer operative, so the appeal the Court granted has become moot. ***Third***, Boeing's proposed cure—a "supplemental Rule 23(f) petition" (Doc. 10, at p.4 of 6)—would not resolve the problem. The Rules do not provide for amended or supplemental discretionary petitions. Instead, this Court's settled mechanism for reviewing a materially changed certification order is a new, successive petition, which is then considered independently to determine whether immediate, interlocutory review is appropriate. *See Driver v. Apple Illinois, LLC*, 739 F.3d 1073, 1076-77 (7th Cir. 2014).

The proper course remains the one Plaintiffs have urged: vacate the improvidently granted petition and dismiss the appeal. That would leave Boeing free to file a new, timely Rule 23(f) petition directed at the operative June 18 class-certification order. We expect any such petition would be brought on very different grounds, given the changed

circumstances following the District Court's reconsideration ruling and the fundamentally different class-certification order now in place.

## ARGUMENT

### I. The Reconsideration Ruling Does Not Cure the Defect That Requires Dismissal.

The District Court's grant of reconsideration does not cure the jurisdictional problem this Court identified in its May 11 order. Doc. 4. That defect is structural. Boeing sought review of an order whose Rule 23(f) clock had not begun to run because a timely reconsideration motion was pending *when Boeing filed its petition*. *See Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 197 (2019). Nothing in the June 18 order alters that defect.

More importantly, the problem is not simply that Boeing's petition was premature; it is that this Court *granted* the petition—a petition that, at the time it was granted, was a "nullity" that had failed to confer jurisdiction on this Court. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 60-61 (1982) (so holding as to premature notices of appeal). The District Court's granting reconsideration cannot retroactively confer jurisdiction on this Court to enter an order it had no power to issue. It is no different than if the Court had reversed a trial court judgment before

any appeal had been filed or, as in this case, before the trial court had even issued its final decision. As Plaintiffs explained (Doc. 7, at 12-14), suspending the improvidently granted appeal until the District Court ruled was thus an inadequate response to that defect, and the District Court's ruling does not change that conclusion. The defect can be cured only by vacating the grant and dismissing the appeal. *Id.* at 14.

Boeing responds that nothing in Rule 23(f) says the Court cannot rule on a petition while a motion to reconsider is pending. Doc. 8, at 11. But Boeing acknowledges that the "general federal practice regarding motions to reconsider" applies to Rule 23(f) petitions. *Id*. at 3 (quoting Doc. 4 (May 11 order)). Under this general practice, an attempt to appeal while a motion to reconsider is pending "shall have no effect," and, as a result, "the Court of Appeals lacks jurisdiction to act." *Griggs*, 459 U.S. at 60-61 (1982) (quotation marks omitted). Accordingly, Boeing's claim that "this Court's order granting permission to appeal w[ould] 'becom[e] effective' without any further action by the Court" as soon as the District Court ruled on the motion to reconsider is incorrect. *See* Doc. 8, at 3-4 (quoting Fed. R. App. P. 4(a)(4)(B)(i)). That decision was entered without jurisdiction and granted review of an order that no longer exists.

Defendants freely admit they must file a Rule 23(f) petition addressed to the June 18 class-certification order, which this Court would then have to consider and grant. *See infra* p.12; Doc. 10, at p.4 of 6 (noting Defendants' intent to move for leave to file "Rule 23(f) petition . . . . within 14 days of the date of the reconsideration order" in pending appeal).

This Court's premature grant of the petition created an additional jurisdictional complication: The District Court's June 18 order was entered while this Court assumed jurisdiction over the case. Boeing's proposed solution to the issue it created by seeking Rule 23(f) review of a non-final class-certification order is to file a supplemental petition. *See* Doc. 10, at p.4 of 6; *see also infra* pp.10-12. That does not address the District Court's lack of jurisdiction to rule on the motion to reconsider after this Court had granted an appeal and thereby assumed jurisdiction over the certification order. *See* Doc. 7, at 14-15. Unlike the situation addressed by Federal Rule of Appellate Procedure 4(a)(4)(B)—in which a premature notice of appeal of a final judgment is held in abeyance pending a ruling on a motion to reconsider—this Court's grant of permission to appeal was an event of jurisdictional significance. Through it, the Court elected *not* to simply hold the matter in abeyance as Rule 4

would require of a notice of appeal, *see id.*, but to exercise jurisdiction by ruling on the petition. And once this Court takes jurisdiction over an appeal, a district court "may deny, but not grant," relief that would alter an order on appeal. *See Kusay v. United States*, 62 F.3d 192, 194-95 (7th Cir. 1995); *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) ("An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" (quoting *Griggs*, 459 U.S. at 58)); *Groves v. United States*, 941 F.3d 315, 319-20 (7th Cir. 2019) (Barrett, J.) ("[28 U.S.C.] § 1292(b) empowers the court of appeals to review a district-court order, and once that order is on appeal, the district court can no longer modify it."). The District Court's modification of the order under review through its grant of reconsideration was therefore a "nullity." *Kusay*, 62 F.3d at 194; *see Griggs*, 459 U.S. at 61.

The only remedy is to dismiss the appeal, restore jurisdiction to the District Court, and instruct the court to re-issue its new order once it regains jurisdiction.[*] Until then, this case (and the proceedings below)

[*] As noted in Plaintiffs' motion to dismiss this appeal, the indicative-ruling procedure of Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1 supplies no alternative to

are at an impasse. Indeed, in correspondence to Plaintiffs earlier today, Defendants have indicated their position that the District Court proceedings should be stayed indefinitely given this Court's premature grant of the Rule 23(f) petition.

## II. The Reconsideration Ruling Makes Continued Review Less Appropriate, Not More.

This Court would lack jurisdiction to proceed with this appeal even if the District Court had simply denied reconsideration, leaving intact the order this Court already agreed to review. *See* Doc. 7, at 12-14. But the District Court did much more than that—it effectively withdrew the original class-certification order on review and replaced it with a materially different one.

That moots the key basis for the appeal this Court granted. As this Court has held, "an order that alters the certification materially is to that extent a grant or denial of certification." *Driver*, 739 F.3d at 1076 (7th

---

dismissal. That procedure lets a district court, divested of jurisdiction, state how it *would* rule if the case were remanded, with this Court then "retain[ing] jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(b). It offers nothing here, where this Court never validly acquired jurisdiction to retain. And in any event, the District Court has already entered an actual order, not an indicative one; the only clean way for this Court to review that order is a new, timely petition after dismissal—not continued retention of an ineffective appeal.

Cir. 2014). In other words, "[w]hen a district court materially alters a class certification order, the district court has effectively entered a new order granting or denying class certification." *Wolff v. Aetna Life Ins. Co.*, 77 F.4th 164, 172 (3d Cir. 2023). The proper response is to file a *new* Rule 23(f) petition, seeking review of the *new*, operative class-certification order. *See id.* at 173 ("Rule 23(f) affords parties a new fourteen-day period to file a petition challenging the new order" after material alteration); *Driver*, 739 F.3d at 1076 (a "second appeal from an order granting or denying class certification" lies only where the order has "materially altered a previous order granting or denying class certification" (cleaned up)). "[I]f a party does seek 23(f) review, it is this new order—not the original class certification order—that [the Court] review[s]." *Wolff*, 77 F.4th at 173. If the party does not timely seek review, the appeal of the prior order does not simply continue; there is no appeal at all.

This case illustrates the logic in requiring a new Rule 23(f) petition from a materially modified certification order. For the reasons Plaintiffs will address in more detail at the appropriate time, the District Court's

modification eliminates the principal reasons Boeing gave for seeking review of the original order.

Boeing's petition was, at its core, a *Comcast* challenge: that Dr. Tabak had offered a placeholder rather than a classwide damages methodology. Boeing's lead Question Presented asked:

> Whether plaintiffs satisfied their evidentiary burden under *Comcast* by having their expert recite the generally applicable rule for measuring damages for securities claims and promise to develop a methodology for applying that rule to the particular facts of the case at a later date.

No. 26-8007, Doc. 1, at 5-6. That premise was tenuous when Boeing filed.

The June 18 order has now eliminated that concern entirely. The order relies upon Plaintiffs' expert's full, merits classwide damages report and methodology (supported by other experts and the discovery record) to thoroughly analyze loss causation and damages. *See* D. Ct. Doc. 515, at 14-17 & n.7 (June 18 order). The petition's premise that the District Court permitted Plaintiffs to simply "promise to develop a methodology . . . at a later date," No. 26-8007, Doc. 1, at 1 (quotation marks omitted), cannot be squared with the District Court's careful consideration of Dr. Tabak's complete classwide damages report, which had been served on Defendants and submitted to the District Court

before the certification decision (*see* Doc. 7, at 5-6, 16-18 & nn.5-6). Plaintiffs forecast this in responding to the Court's May 11 order: If reconsideration were granted on these grounds, the *Comcast* challenge would fall away, and "Defendants could not simply renew their original objections. They would have to explain why immediate review remains warranted in light of the revised order and record." Doc. 7, at 16-19; *see* Doc. 10, at p.4 of 6 (Defendants expressing intent to do so). That is precisely what happened.

Plaintiffs do not contend that Defendants are prohibited from appealing the operative order. Whether the operative order merits Rule 23(f) review is a question for any new petition Boeing may choose to file, and for Plaintiffs' full response to that petition. But that question has not yet been presented to the Court and we expect any new petition to present materially different issues than those raised in Boeing's original Rule 23(f) petition. And to be clear, this submission is not that response—Plaintiffs will fully brief at the appropriate time the merits of any future Rule 23(f) petition Boeing may bring after this appeal is dismissed. The point here is narrower and bears on posture alone: The questions Boeing's petition presented to provoke this Court's

intervention in the first place have been overtaken by the very ruling Boeing now reports, so a renewed challenge would necessarily be a new and materially different petition—not a continuation of this appeal.

## III. A Supplemental Rule 23(f) Petition Would Not Cure the Jurisdictional Defect.

Boeing proposes that rather than dismiss the appeal, it will file a motion for leave to file a "supplemental Rule 23(f) petition" in this pending appeal. Doc. 10, at p.4 of 6. The apparent intent is to avoid the more fulsome consideration entailed in filing a new Rule 23(f) petition under the normal procedure. But there is no authority for such circumvention, which would only cast a further jurisdictional shadow over any eventual decision this Court might reach if it decided to continue the present appeal after considering Boeing's "supplemental" application.

***First***, there is no such thing as a "supplemental" Rule 23(f) petition. Rule 23(f) contemplates only an actual petition, filed within 14 days after the operative order is entered. This Court has held that when a district court "materially alter[s] a previous order granting or denying class certification," that is "a grant or denial of certification" within the meaning of the Rule and is therefore subject to review based on a "second appeal"—not a supplement to an appeal of the now defunct order. *Driver*,

739 F.3d at 1076 (quotation marks omitted). The Court adopted that requirement so that a modified certification order is challenged through a fresh petition keyed to the modification. *See id.* at 1076-77.

***Second***, Boeing's proposal to file a supplemental petition all but acknowledges that granting the initial petition provides no basis for retaining jurisdiction over this appeal in light of the reconsideration order. *Compare* Doc. 8, at 3-4 (claiming prior order granting permission to appeal would "become effective" upon District Court's decision "without any further action by the Court" (cleaned up)) *with* Doc. 10, at p.4 of 6 (indicating need to move for leave to file additional Rule 23(f) petition). A supplemental petition filed *after* this Court has already exercised jurisdiction it lacked cannot retroactively cure that jurisdictional defect. *See* Doc. 7, at 12-14.

***Third***, as discussed above, a supplemental petition will not solve the District Court's lack of jurisdiction to rule on the motion to reconsider after this Court had granted an appeal and thereby transferred jurisdiction over the certification order from the District Court to this one. *See supra* pp.5-7.

*   *   *

Any effort by Boeing to move for leave to file a "supplemental" petition rather than a new Rule 23(f) petition risks yet another jurisdictional objection Plaintiffs will be forced to raise in response. In the end, dismissal is the most appropriate solution to the jurisdictional and procedural issues presented here. It would eliminate any question over whether this Court could entertain an appeal on the basis of what the Court has since acknowledged was an inoperative Rule 23(f) petition; it would remove any doubt over whether the District Court had power to enter its June 18 order; and it would ensure that the operative order is properly before this Court when it considers any petition Boeing might file—all questions that would otherwise shadow any merits decision this Court might later reach.

Moreover, dismissal works no unfairness upon Boeing. A material modification of a certification order opens "a new fourteen-day period," *Wolff*, 77 F.4th at 173; *see Driver*, 739 F.3d at 1076, so Boeing may file a timely petition directed at the operative order—as Boeing has already indicated it intends to do. This Court can then decide whether the operative class-certification order warrants review through the orderly

process the Rules have created to ensure this Court makes wise use of its appellate resources.

## CONCLUSION

The grant of permission to appeal should be vacated and the appeal dismissed.

Dated: June 26, 2026

Respectfully submitted,

*/s/ Salvatore J. Graziano*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano
Katie M. Sinderson
1251 Avenue of the Americas
New York, New York 10020
(212) 554-1400
Salvatore@blbglaw.com
KatieM@blbglaw.com

*Lead Counsel for Plaintiffs-Appellees Public Employees' Retirement System of Mississippi and the City of Warwick Retirement System and Lead Counsel for the Class*

*(additional counsel listed below)*

**KESSLER TOPAZ MELTZER & CHECK LLP**
Andrew L. Zivitz
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706
azivitz@ktmc.com

*Counsel for Plaintiffs-Appellees William C. Houser, Bret E. Taggart, and Robert W. Kegley Sr., as Trustee for the Robert W. Kegley Sr. Revocable Living Trust U/A DTD 04/16/2003*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit as set out in Circuit Rule 32-1(a), because it contains 2,746 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Circuit Rule 32-1(c).

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Office 365 Word in 14-point New Century Schoolbook LT Std font.

*/s/ Salvatore J. Graziano*
Salvatore J. Graziano

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system on June 26, 2026. All participants in the case are registered CM/ECF users, and service of publicly filed documents will be accomplished by the appellate CM/ECF system.

*/s/ Salvatore J. Graziano*
Salvatore J. Graziano

*Counsel for Plaintiffs-Appellees*