No. 26-2018

# In the United States Court of Appeals for the Seventh Circuit

IN RE: THE BOEING COMPANY AIRCRAFT SECURITIES LITIGATION
PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, ET AL.,

*Plaintiffs-Appellees*,

v.

BOEING COMPANY AND DENNIS MUILENBURG,

*Defendants-Appellants.*

On Appeal from the U.S. District Court
for the Northern District of Illinois, Eastern Division
No. 1:19-cv-02394 (Hon. Franklin U. Valderrama)

## DEFENDANTS-APPELLANTS' RESPONSE TO PLAINTIFFS-APPELLEES' SUPPLEMENTAL RESPONSE TO ORDER SUSPENDING APPEAL

Richard C. Pepperman II
Benjamin R. Walker
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
peppermanr@sullcrom.com
walkerb@sullcrom.com

Jeffrey B. Wall
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
jwall@gibsondunn.com

*Counsel for Defendants-Appellants*
*The Boeing Company and Dennis A. Muilenburg*

(*Additional counsel listed on inside cover*)

David N. Whalen
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
(202) 956-7500
whalend@sullcrom.com

John F. Hartmann, P.C.
Brenton A. Rogers
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
(312) 862-2000
john.hartmann@kirkland.com

Craig S. Primis, P.C.
Katherine R. Katz
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
cprimis@kirkland.com
katherine.katz@kirkland.com

## TABLE OF CONTENTS

*Page*

INTRODUCTION ........................................................................................ 1

ARGUMENT ............................................................................................... 5

I. There Are No Jurisdictional Problems That Require Dismissal Of This Appeal ........................................................................................... 5

II. The District Court's Grant Of Limited Reconsideration Does Not Moot This Appeal ........................................................................ 10

III. Defendants Properly Supplemented Their Rule 23(f) Petition ............ 15

CONCLUSION ........................................................................................ 17

## TABLE OF AUTHORITIES

*Page(s)*

**CASES**

*Berger* v. *Nazametz*,
2001 WL 936322 (S.D. Ill. June 26, 2001)....................6

*Coinbase, Inc.* v. *Bielski*,
599 U.S. 736 (2023)....................8

*Comcast Corp.* v. *Behrend*,
569 U.S. 27 (2013)....................4, 11, 12, 13

*Driver* v. *AppleIllinois, LLC*,
739 F.3d 1073 (7th Cir. 2014)....................14, 16

*Griggs* v. *Provident Consumer Disc. Co.*,
459 U.S. 56 (1982)....................6

*Groves* v. *United States*,
941 F.3d 315 (7th Cir. 2019)....................8

*Kusay* v. *United States*,
62 F.3d 192 (7th Cir. 1995)....................8

*Mednick* v. *Precor, Inc.*,
2017 WL 2619139 (N.D. Ill. June 16, 2017)....................6

*Myles* v. *Gupta*,
2016 WL 2859092 (W.D. Wis. May 16, 2016) .................... 6-7

*Nat'l Ass'n of Diversity Officers in Higher Educ.* v. *Trump*,
781 F. Supp. 3d 380 (D. Md. 2025) ....................7

*Sultan* v. *Fenoglio*,
775 F.3d 888 (7th Cir. 2015)....................9

*United States* v. *McHugh*,
528 F.3d 538 (7th Cir. 2008)....................3, 8

*United States* v. *Torres-Herrera*,
2013 WL 3989239 (S.D. Ill. Aug. 2, 2013) .......... 8

*Warren* v. *Am. Bankers Ins. of Fl.*,
507 F.3d 1239 (10th Cir. 2007) .......... 3

*Wolff* v. *Aetna Life Ins. Co.*,
77 F.4th 164 (3d Cir. 2023) .......... 14

**RULES**

Fed. R. App. P. 4(a)(4) .......... *passim*

Fed. R. App. P. 5(d)(2) .......... 2, 8

Fed. R. Civ. P. 23(f) .......... *passim*

## INTRODUCTION

As part of their continuing effort to obtain a do-over on defendants' previously granted Rule 23(f) petition, plaintiffs have filed an unsolicited document not recognized by the rules that they titled their "supplemental response" to this Court's order suspending the appeal pending the district court's resolution of plaintiffs' motion for limited reconsideration. Doc. 11. Plaintiffs' most recent filing largely repeats jurisdictional arguments that they advanced almost two months ago, Doc. 7, and that defendants have addressed, Doc. 8. In the hope that a different motions panel will deny permission to appeal if plaintiffs are given the chance to relitigate this Court's determination that Rule 23(f) review is warranted, plaintiffs again argue that this appeal should be dismissed and that defendants should be required to restart the process by filing a new petition. Doc. 11 at 2. The occasion for this renewed request is the district court's recent grant of plaintiffs' motion to reconsider a single narrow finding in its class-certification decision. Doc. 12-2, Supp. App. 1-19. Contrary to plaintiffs' assertion, the reconsideration order neither creates jurisdictional problems nor moots defendants' pending appeal.

*First*, plaintiffs are wrong that there are "intractable jurisdictional problems" requiring dismissal of this appeal. Doc. 11 at 1. Plaintiffs contend

both that this Court lacked jurisdiction to grant defendants' petition and that the district court lacked jurisdiction to resolve plaintiffs' reconsideration motion. *Id.* at 4-5. Neither is true. Under Rule 23(f), this Court properly granted defendants permission to appeal the district court's order granting class certification, and plaintiffs' reconsideration motion challenged neither the grant of certification nor the definition of the class. Under Federal Rule of Appellate Procedure 4(a)(4), this Court properly suspended the appeal, which returned jurisdiction to the district court to decide plaintiffs' then-pending reconsideration motion. Doc. 4.

Although Rule 4(a)(4) by its terms applies to notices of appeal filed after entry of judgment, the rule "codifies general federal practice regarding motions to reconsider even where the rules themselves do not apply on their own terms." Doc. 4. In addition, Federal Rule of Appellate Procedure 5(d)(2) recognizes that an "order granting permission to appeal" serves the same purpose under the rules as a "notice of appeal." Plaintiffs nevertheless insist that this Court erred in suspending the appeal under Rule 4(a)(4) because "this Court's grant of permission to appeal," unlike the filing of a notice of appeal, "was an event of jurisdictional significance." Doc. 11 at 5. But the filing of a notice of appeal is also an event of jurisdictional significance that divests the

district court of control over the aspects of the case on appeal. *See United States* v. *McHugh*, 528 F.3d 538, 540 (7th Cir. 2008). As amended in 1993, Rule 4(a)(4) provides for suspension, not dismissal, of an appeal commenced while a reconsideration motion is still pending. Suspension of the appeal returns jurisdiction to the district court to rule on the motion. *See Warren* v. *Am. Bankers Ins. of Fl.*, 507 F.3d 1239, 1245 (10th Cir. 2007).

*Second*, plaintiffs assert that "the appeal the Court granted has become moot" because the order that is the subject of the appeal "no longer exists." Doc. 11 at 2, 4. According to plaintiffs, the district court "withdrew the original class-certification order on review and replaced it with a materially different one." *Id.* at 7. A simple comparison of the original class-certification decision with the reconsideration order belies that assertion. *Compare* No. 26-8007, Doc. 1, App. 1-62, *with* Doc. 12-2, Supp. App. 1-19. Plaintiffs are incorrect that "the class-certification order this Court originally took up is no longer operative." Doc. 11 at 2. Far from withdrawing its prior decision, the district court's reconsideration order left the grant of certification and the class definition undisturbed, reconsidering only one prior finding related to which of two alternative damages approaches is appropriate for one of the six alleged corrective disclosures in this case.

Plaintiffs are similarly wrong that this "modification eliminates the principal reasons Boeing gave for seeking review of the original order." Doc. 11 at 9. The reconsideration order does not address, much less modify, the district court's prior determination that securities plaintiffs can satisfy *Comcast Corp.* v. *Behrend*, 569 U.S. 27 (2013), simply by reciting the legal standard for damages in securities actions. The reconsideration order also says nothing about plaintiffs' failure to account for varying levels of inflation in calculating damages, and the order is completely silent on whether plaintiffs proved by a preponderance of the evidence that Boeing options trade in efficient markets.

*Third*, plaintiffs' contention (at 2, 11-13) that defendants cannot supplement their previously granted Rule 23(f) petition to include the reconsideration order is incorrect. Defendants followed Rule 4(a)(4)(B)(ii)'s guidance. As the advisory committee note explains, "[i]f the judgment is altered upon disposition of a posttrial motion … and if a party wishes to appeal from the disposition of the motion, the party must amend the notice to so indicate." Fed. R. App. P. 4(a)(4) advisory committee's note to 1993 amendment. Defendants cannot amend their earlier Rule 23(f) petition because that petition is no longer pending given the Court's grant of

permission to appeal. No. 26-8007, Doc. 23. Defendants thus filed a motion for leave to supplement their previously granted petition, consistent with the approach taken in other courts of appeals in analogous circumstances. *See* Doc. 12-1.

Despite plaintiffs' efforts to create confusion, the path forward here is straightforward. This Court suspended this appeal pending the district court's resolution of plaintiffs' reconsideration motion. Doc. 4. Now that the district court has ruled, the suspension should be lifted, and this appeal should proceed.

## ARGUMENT

### I. There Are No Jurisdictional Problems That Require Dismissal Of This Appeal.

Plaintiffs argue that this Court misapprehended its own jurisdiction twice: once in granting defendants' Rule 23(f) petition after the Court was advised of plaintiffs' then-pending reconsideration motion, and again in later suspending, rather than dismissing, the appeal. Doc. 11 at 3-7. In granting defendants' petition, this Court properly followed Rule 23(f)'s plain text: the district court's class-certification decision is "an order granting … class-action certification," and defendants filed their "petition for permission to appeal with the circuit clerk within 14 days after [that] order [was] entered." And, in

suspending the appeal, this Court properly followed Rule 4(a)(4), which "codifies general federal practice regarding motions to reconsider even where the rules themselves do not apply on their own terms." Doc. 4.

Citing the Supreme Court's 1982 decision in *Griggs* v. *Provident Consumer Discount Co.*, 459 U.S. 56 (1982), plaintiffs contend that this Court's order granting permission to appeal was a "'nullity' that … failed to confer jurisdiction on this Court." Doc. 11 at 3. But plaintiffs ignore that Rule 4(a)(4) was amended in 1993 precisely because "several courts [had] expressed dissatisfaction with" *Griggs*' holding that a "court of appeals lacks jurisdiction" if a notice of appeal is filed while posttrial motions are pending. Fed. R. App. P. 4(a)(4) advisory committee's note to 1993 amendment.

The 1993 amendment to Rule 4(a)(4) addressed this concern by providing for suspension, not dismissal, of appeals that are initiated while certain specified motions are pending, including Rule 59 motions to alter or amend the judgment. Reconsideration motions are treated as Rule 59 motions. *See Mednick* v. *Precor, Inc.*, 2017 WL 2619139, at *3 (N.D. Ill. June 16, 2017); *Berger* v. *Nazametz*, 2001 WL 936322, at *1 (S.D. Ill. June 26, 2001). Suspension of the appeal returns jurisdiction to the district court until it "enters an order disposing of the motion," *Myles* v. *Gupta*, 2016 WL 2859092,

at *1 (W.D. Wis. May 16, 2016), at which point the appeal "becomes effective" and jurisdiction is restored to the court of appeals without the filing of a second notice of appeal, Fed. R. App. P. 4(a)(4)(B)(i); *see also*, *e.g.*, *Nat'l Ass'n of Diversity Officers in Higher Educ.* v. *Trump*, 781 F. Supp. 3d 380, 384 (D. Md. 2025) (holding that reconsideration order "ends the period in which the notice of appeal has been 'suspended'").

The advisory committee note describes the process created by the 1993 amendment as follows:

> The amendment provides that a notice of appeal filed before the disposition of a specified posttrial motion will become effective upon disposition of the motion. A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.

Fed. R. App. P. 4(a)(4) advisory committee's note to 1993 amendment.

Plaintiffs assert that Rule 4(a)(4) does not apply here because, unlike when a notice of appeal is filed, "this Court's grant of permission to appeal was an event of jurisdictional significance." Doc. 11 at 5. According to plaintiffs, "once this Court takes jurisdiction over an appeal, a district court 'may deny, but not grant,' relief that would alter an order on appeal." *Id.* at 6 (quoting

*Kusay* v. *United States*, 62 F.3d 192, 194-195 (7th Cir. 1995)).* This argument falls flat. Although plaintiffs are correct that granting permission to appeal transfers jurisdiction to the court of appeals, the same is true of the filing of a notice of appeal. As this Court has explained, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *McHugh*, 528 F.3d at 540 (quotation omitted); *see United States v. Torres-Herrera*, 2013 WL 3989239, at *1 (S.D. Ill. Aug. 2, 2013) ("[T]he filing of a notice of appeal is a jurisdictionally significant event, and once filed divests the district court of jurisdiction."). Similarly, Rule 5, which applies to appeal by permission, recognizes that an "order granting permission to appeal" serves the same purpose as a "notice of appeal." Fed. R. App. P. 5(d)(2).

As a result, the jurisdictional effect of filing a notice of appeal and granting permission to appeal an interlocutory order is exactly the same. In both cases, suspension of the appeal under Rule 4(a)(4) returns jurisdiction to

* Not one of the cases cited by plaintiffs (at 6) involved a suspended appeal. *See Coinbase, Inc.* v. *Bielski*, 599 U.S. 736, 740 (2023); *Groves* v. *United States*, 941 F.3d 315, 319-320 (7th Cir. 2019); *Kusay*, 62 F.3d at 194-195.

the district court to rule on the pending motion.

Plaintiffs argue that not only did this Court misapprehend its own jurisdiction twice, but the district court did so as well by granting their motion for limited reconsideration while this appeal was suspended. According to plaintiffs, "[t]he only remedy is to dismiss the appeal, restore jurisdiction to the District Court, and instruct the court to re-issue its new order once it regains jurisdiction." Doc. 11 at 6. This argument again ignores Rule 4(a)(4). If an appeal must be dismissed for the district court to regain jurisdiction to rule on a pending motion, then the suspension of an appeal under Rule 4(a)(4)(B)(i) would serve no purpose. This Court has rejected plaintiffs' assertion that a district court cannot rule on a reconsideration motion while an appeal is suspended. *See Sultan* v. *Fenoglio*, 775 F.3d 888, 889 (7th Cir. 2015) ("The [district] court mistakenly asserted that it could not rule on [plaintiff's] motion [for reconsideration] because he already had filed a notice of appeal from the dismissal.") (citing Fed. R. App. P. 4(a)(4)(B)(i)).

Plaintiffs' jurisdictional arguments are also inconsistent with their prior positions before this Court and below. In responding to defendants' Rule 23(f) petition, plaintiffs prominently discussed (and attached a copy of) their reconsideration motion, but plaintiffs never argued that their motion deprived

this Court of jurisdiction to grant the petition. No. 26-8007, Doc. 16 at 3, 11-12, 19; *id.* S. App. 01-20. Of course, had defendants waited to file their petition until after the district court ruled on plaintiffs' motion, plaintiffs then would have argued that the petition was untimely because the court's reconsideration order is not "an order granting or denying class-action certification" under Rule 23(f). Plaintiffs also never advised the district court of their view that it lacked jurisdiction to grant plaintiffs' reconsideration motion.

The reality is that plaintiffs are belatedly and opportunistically attempting to inject jurisdictional confusion into this appeal in the hope that this Court will wipe away its prior grant of permission to appeal and that a different motions panel will take a different view of defendants' Rule 23(f) petition. This Court should reject that gambit.

## II. The District Court's Grant Of Limited Reconsideration Does Not Moot This Appeal.

Plaintiffs' contention (at 7) that the district court "withdrew the original class-certification order … and replaced it with a materially different one" is false. There is no "fundamentally different class-certification order now in place." *Id.* at 3. Rather, plaintiffs' motion sought "limited" reconsideration of only "one finding" in the class-certification decision concerning which of two approaches plaintiffs could use to calculate damages for one alleged corrective

disclosure. Dist. Ct. Doc. 489-1 at 1, 4. In granting reconsideration, the district court reversed itself (in plaintiffs' favor) on that one finding, but it did not revisit its grant of certification or modify the class definition. Doc. 12-2, Supp. App. 1-19.

It is thus incorrect to suggest that the original class-certification decision "is no longer operative" and "no longer exists." Doc. 11 at 2, 4. That decision continues to be the operative order certifying a class in this case. No. 26-8007, Doc. 1, App. 62 (certifying class of "all persons or entities who purchased or otherwise acquired Boeing common stock and/or call options or sold put options between November 7, 2018 and October 18, 2019"). Indeed, if plaintiffs are right that the original class-certification order has been withdrawn and no longer exists, then there is no operative order in this case that defines the certified class.

Plaintiffs are also wrong that the reconsideration order "moots the key basis for the appeal this Court granted." Doc. 11 at 7. Given the narrow focus of plaintiffs' motion, the reconsideration order did not address either of the two questions presented here: (i) whether plaintiffs satisfied their *Comcast* burden to provide evidentiary proof of a classwide damages methodology simply by reciting the legal standard for damages in securities cases, and

(ii) whether plaintiffs proved by a preponderance of the evidence that Boeing options trade in efficient markets. No. 26-8007, Doc. 1, App. 5-6. With respect to the first question, the district court did not revisit its conclusion that plaintiffs satisfied *Comcast* merely by having their expert recite "the standard measurement of damages in Section 10(b) securities cases"—out-of-pocket damages. *Id.*, App. 28. With respect to the second question, the reconsideration order likewise says nothing at all. Indeed, plaintiffs have conceded that their reconsideration motion did not address whether Boeing options trade in efficient markets. *See* Doc. 7 at 16 n.4.

Although plaintiffs do not dispute that the reconsideration order is irrelevant to the second question presented, they contend that the district court "has now eliminated" the first question "entirely." Doc. 11 at 9. Plaintiffs argue that the district court's consideration of their expert's merits-stage report, "which [was] served on Defendants and submitted to the District Court before the certification decision," moots defendants' "*Comcast* challenge." *Id.* at 9-10. This argument ignores that the district court *denied* plaintiffs' motion to supplement the class-certification record with their expert's merits report. No. 26-8007, Doc. 1, App. 23 n.6; *see also* Doc. 12-2, Supp. App. 6 ("The Court denied Plaintiffs' motion for leave to supplement the

record as moot, finding that the proposed supplemental report did not change the Court's analysis."). Plaintiffs never asked the district court to reconsider the denial of their request to supplement the record, and defendants never had an opportunity to respond to the merits report submitted by plaintiffs' expert.

Plaintiffs also greatly exaggerate the extent to which the district court "consider[ed]" their expert's merits-stage report in granting reconsideration. *See* Doc. 11 at 9-10. The reconsideration order's brief discussion of this report is limited to noting that, "[a]s both parties discuss[ed] in their reconsideration briefs," the report "does not include a damages model based on" the materialization-of-the-safety-risks theory on which plaintiffs relied at the pleading stage. Doc. 12-2, Supp. App. 18. The district court explained that plaintiffs' merits report "clarifies" that they "only sought certification based on the Grounding Theory" and not "the Materialization of the Safety Risks Theory." *Id.* The reconsideration order nowhere suggests, however, that the district court relied on plaintiffs' merits report to assess whether they had satisfied their *Comcast* burden. Nor would it have been proper for the district court to do so—plaintiffs submitted this report more than a year after they moved for certification and only four days before the district court issued its ruling, and defendants never had an opportunity to respond to it.

Lastly, plaintiffs contend that, "[w]hen a district court materially alters a class certification order, the district court has effectively entered a new order granting or denying class certification." Doc. 11 at 8 (quoting *Wolff v. Aetna Life Ins. Co.*, 77 F.4th 164, 172 (3d Cir. 2023)). But plaintiffs' own cases show that the district court's reconsideration of a single finding related to damages is not a material alteration of the grant of class certification. In *Wolff*, unlike here, the reconsideration order changed the class definition. 77 F.4th at 173. Although "the class definition is at the heart of a class action," the Third Circuit held that the changes were "minor" and did not constitute material alterations to the order granting certification. *Id.* at 173-174. In *Driver* v. *AppleIllinois, LLC*, 739 F.3d 1073 (7th Cir. 2014), this Court similarly held that later orders relating to plaintiffs' approach to calculating damages on behalf of the certified class were *not* material alterations to the certification order, even though they may "have undermined the reasons for certifying a class in the first place." *Id.* at 1077. Here, the reconsideration order did not modify the class definition at all, and the one finding that the district court reconsidered did not go to the reasons for certifying a class in the first place, unlike the challenged orders in *Driver*.

## III. Defendants Properly Supplemented Their Rule 23(f) Petition.

Plaintiffs assert that there is "no authority" for supplementing a previously granted Rule 23(f) petition after a district court resolves a pending reconsideration motion. Doc. 11 at 11. According to plaintiffs, "there is no such thing as a 'supplemental' Rule 23(f) petition." *Id.* They are incorrect.

In *Parsons* v. *Ryan*, the defendants filed a supplemental Rule 23(f) petition after the district court denied their motion to reconsider the grant of class certification. No. 13-80078 (9th Cir. Apr. 1, 2013), ECF No. 2. The Ninth Circuit permitted the defendants to supplement their petition and granted permission to appeal both the grant of class certification and the denial of reconsideration. *Id.*, ECF No. 6. Similarly, in *In re Southeastern Milk Antitrust Litigation*, after the defendants filed their Rule 23(f) petition, the district court issued a "supplemental opinion" to "clarify and further explain" its class-certification order. No. 12-507 (6th Cir. July 18, 2012), ECF No. 29 at 1. In response, the defendants moved for leave to supplement their pending Rule 23(f) petition. *Id.*, ECF Nos. 29, 30. The Sixth Circuit allowed the supplementation, but denied permission to appeal. *Id.*, ECF No. 42-1.

Defendants' approach here is also consistent with Rule 4(a)(4), which provides that if a party has filed a notice of appeal before the district court

resolves a reconsideration motion, then the party may file "an amended notice of appeal" if it wishes to challenge the denial of reconsideration. Fed. R. App. P. 4(a)(4)(B)(ii). The advisory committee note explains:

> The [1993] amendment provides that a notice of appeal filed before the disposition of a posttrial tolling motion is sufficient to bring the underlying case, as well as any orders specified in the original notice, to the court of appeals. If the judgment is altered upon disposition of a posttrial motion, however, and if a party wishes to appeal from the disposition of the motion, the party must amend the notice to so indicate.

Fed. R. App. P. 4(a)(4) advisory committee's note to 1993 amendment. Here, defendants' proposed supplement to their previously granted Rule 23(f) petition is the equivalent of an amended notice of appeal. Defendants cannot amend their earlier petition because that petition is no longer pending.

Plaintiffs' reliance on *Driver*—the only case they cite in support of their claim that defendants' supplement is improper—is misplaced. *See* Doc. 11 at 2, 11-12. *Driver* does not say that a party cannot supplement a previously granted Rule 23(f) petition after a ruling on a reconsideration motion. Rather, the defendant in *Driver* sought to file a second Rule 23(f) petition "more than three years" after "his first Rule 23(f) petition was filed and denied." 739 F.3d at 1077. *Driver* thus bears no resemblance to this appeal. Defendants do not seek to file a second Rule 23(f) petition years after a first petition was denied.

They instead seek to supplement a previously granted petition consistent with the process outlined in Rule 4(a)(4)(B)(ii).

## CONCLUSION

Plaintiffs' request (made without a motion) to dismiss this appeal should be denied. As this Court's suspension order provides, now that the district court has resolved plaintiffs' reconsideration motion, the Court should lift the suspension and set a briefing schedule for this appeal. *See* Doc. 4.

Dated: July 10, 2026

Respectfully submitted,

*/s/ Jeffrey B. Wall*

Jeffrey B. Wall
GIBSON, DUNN & CRUTCHER LLP
1700 M. Street, N.W.
Washington, D.C. 20036
(202) 955-8500
jwall@gibsondunn.com

John F. Hartmann, P.C.
Brenton A. Rogers
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
(312) 862-2000
john.hartmann@kirkland.com

Craig S. Primis, P.C.
Katherine R. Katz
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
cprimis@kirkland.com
katherine.katz@kirkland.com

Richard C. Pepperman II
Benjamin R. Walker
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
peppermanr@sullcrom.com
walkerb@sullcrom.com

David N. Whalen
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
(202) 956-7500
whalend@sullcrom.com

*Counsel for Defendants-Appellants*
*The Boeing Company and Dennis A. Muilenburg*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation Fed. R. App. P. 32(a)(7)(B) and Circuit Rule 32 because it contains 3,580 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Century Expanded BT font.

*/s/ Jeffrey B. Wall*
Jeffrey B. Wall

Dated: July 10, 2026

## CERTIFICATE OF SERVICE

I certify that, on July 10, 2026, I caused the foregoing Defendants-Appellants' Response to Plaintiffs-Appellees' Supplemental Response to Order Suspending Appeal to be electronically filed with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

*/s/ Jeffrey B. Wall*
Jeffrey B. Wall

Dated: July 10, 2026