No. 26-2018

# In the United States Court of Appeals for the Seventh Circuit

IN RE: THE BOEING COMPANY AIRCRAFT SECURITIES LITIGATION
PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, ET AL.,

*Plaintiffs-Appellees*,

v.

BOEING COMPANY AND DENNIS MUILENBURG,

*Defendants-Appellants.*

On Appeal from the U.S. District Court
for the Northern District of Illinois, Eastern Division
No. 1:19-cv-02394 (Hon. Franklin U. Valderrama)

## DEFENDANTS-APPELLANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A SUPPLEMENT TO THEIR RULE 23(f) PETITION

Richard C. Pepperman II
Benjamin R. Walker
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
peppermanr@sullcrom.com
walkerb@sullcrom.com

Jeffrey B. Wall
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
jwall@gibsondunn.com

*Counsel for Defendants-Appellants*
*The Boeing Company and Dennis A. Muilenburg*

(*Additional counsel listed on inside cover*)

David N. Whalen
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
(202) 956-7500
whalend@sullcrom.com

John F. Hartmann, P.C.
Brenton A. Rogers
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
(312) 862-2000
john.hartmann@kirkland.com
brogers@kirkland.com

Craig S. Primis, P.C.
Katherine R. Katz
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
cprimis@kirkland.com
katherine.katz@kirkland.com

## TABLE OF CONTENTS

*Page*

INTRODUCTION....................................................................................1

ARGUMENT ........................................................................................3

I. This Court Properly Granted Defendants' Petition And Suspended The Appeal ..........................................................................3

II. Defendants' Proposed Supplement To Their Previously Granted Petition Is Proper ..................................................................6

III. The District Court's Order Granting Limited Reconsideration Does Not Moot Defendants' Appeal...........................................................7

CONCLUSION....................................................................................13

## TABLE OF AUTHORITIES

*Page(s)*

**CASES**

*Blair* v. *Equifax Check Servs., Inc.*,
181 F.3d 832 (7th Cir. 1999) ........ 4

*Cammer* v. *Bloom*,
711 F. Supp. 1264 (D.N.J. 1989) ........ 13

*Comcast Corp.* v. *Behrend*,
569 U.S. 27 (2013) ........ 8, 9, 10

*Driver* v. *AppleIllinois LLC*,
739 F.3d 1073 (7th Cir. 2014) ........ 3

*Katerinos* v. *U.S. Dep't of the Treasury*,
368 F.3d 733 (7th Cir. 2004) ........ 4

*Krogman* v. *Sterritt*,
202 F.R.D. 467 (N.D. Tex. 2001) ........ 12, 13

*Marcus* v. *J.C. Penney Co.*,
2016 WL 8604331 (E.D. Tex. Aug. 29, 2016) ........ 13

*Rougier* v. *Applied Optoelectronics, Inc.*,
2019 WL 6111303 (S.D. Tex. Nov. 13, 2019) ........ 13

**RULES**

Fed. R. App. P. 4(a)(4) ........ *passim*

Fed. R. App. P. 5(d)(2) ........ 4

Fed. R. Civ. P. 23(b)(3) ........ 8

Fed. R. Civ. P. 23(f) ........ *passim*

## INTRODUCTION

Plaintiffs' opposition to defendants' motion for leave to supplement their previously granted Rule 23(f) petition continues plaintiffs' campaign to convince the Court that this appeal should be dismissed and that the process should start all over again. As before, this contention proceeds from two faulty premises: (i) that this Court lacked jurisdiction to grant permission to appeal because plaintiffs had filed a motion for limited reconsideration below, and (ii) that the district court's order modifying one finding in its class-certification decision "fundamentally reshaped" that decision and "moot[ed]" the bases for defendants' appeal. Doc. 13 at 15, 18. Neither is true. As defendants have explained, this Court had authority to grant permission to appeal under Rule 23(f) and then to suspend the appeal to return jurisdiction to the district court to rule on plaintiffs' motion before proceeding with this appeal. Doc. 14 at 5-10. And far from "fundamentally reshap[ing]" the decision on appeal, the reconsideration order altered only one small part of that decision, leaving the bases for defendants' appeal undisturbed.

Hoping for a do-over before a more favorable motions panel, plaintiffs argue that the purpose of this Court's order suspending the appeal was not to return jurisdiction to the district court to resolve plaintiffs' reconsideration

motion, but rather to invite briefing on whether the appeal should be dismissed for lack of jurisdiction. Doc. 13 at 4-6. That is incorrect. Citing Rule 4(a)(4), which provides for suspension of appeals to permit the resolution of motions below, this Court suspended the appeal "pending the district court's resolution of the motion for reconsideration." Doc. 4. The Court then stated that "[i]f a party contends that this appeal should not be suspended"—*i.e.*, that the appeal should proceed—"then that party should file a brief memorandum … stating why suspension is not appropriate." *Id.* Plaintiffs seized on that invitation to file a "response" to this Court's order, Doc. 7—which they now call a "Motion to Dismiss," Doc. 13 at 4—arguing that the appeal should be dismissed. But plaintiffs' request for dismissal was not granted, and the appeal remained suspended for another month until the district court resolved plaintiffs' motion.

Under the terms of this Court's order, now that the district court has issued its decision, the appeal should proceed. Defendants simply seek leave to supplement their previously granted Rule 23(f) petition so that this Court can consider the reconsideration order together with the original class-certification decision as part of this appeal.

## ARGUMENT

### I. This Court Properly Granted Defendants' Petition And Suspended The Appeal.

In opposing defendants' motion to supplement their previously granted Rule 23(f) petition, plaintiffs argue that this Court erred at every turn. They are wrong.

Plaintiffs first contend that defendants failed to "follow[] the rules" when they filed their Rule 23(f) petition notwithstanding plaintiffs' filing of a motion for limited reconsideration in the district court one business day earlier. Doc. 13 at 2. Plaintiffs did not make this argument in opposing defendants' petition, and for good reason: defendants followed the plain text of Rule 23(f). The district court issued "an order granting … class-action certification," and defendants filed their "petition for permission to appeal … within 14 days after the order [was] entered." Fed. R. Civ. P. 23(f). Had defendants instead waited to file their petition until after a ruling on plaintiffs' motion, plaintiffs surely would have argued that the petition was untimely because the reconsideration order was not an order granting or denying certification. *Cf. Driver* v. *AppleIllinois LLC*, 739 F.3d 1073, 1077 (7th Cir. 2014) ("A refusal to decertify a class is neither an order granting nor an order denying certification.…").

After having been advised of plaintiffs' pending motion for limited reconsideration, this Court granted defendants permission to appeal under Rule 23(f) and then suspended the appeal, citing Rule 4(a)(4), to return jurisdiction to the district court to resolve plaintiffs' motion. Both actions were entirely consistent with the rules.

Plaintiffs now acknowledge that Rule 4(a)(4), as amended in 1993, provides that an appeal initiated before a reconsideration motion is decided "is no longer void, but merely suspended." Doc. 13 at 7 (quoting *Katerinos* v. *U.S. Dep't of the Treasury*, 368 F.3d 733, 737-738 (7th Cir. 2004)). But they insist that Rule 4(a)(4) applies only when a notice of appeal has been filed and that discretionary appeals are governed by Rule 5 instead. *Id.* at 6. Plaintiffs' argument that the practice codified in Rule 4(a)(4) does not apply to discretionary appeals is incorrect. For one thing, this Court already has determined that Rule 4(a)(4) and the "general federal practice" it codifies apply to this discretionary appeal. Doc. 4 (citing *Blair* v. *Equifax Check Servs., Inc.*, 181 F.3d 832, 837 (7th Cir. 1999)). For another, Rule 5(d)(2) states that an "order granting permission to appeal" serves the same purpose as a "notice of appeal." Even plaintiffs admit that Rule 5(d)(2) "treat[s] [a] grant of [a]

discretionary appeal as constructively filing [a] notice of appeal." Doc. 13 at 14.

In arguing that a discretionary appeal, unlike an appeal from final judgment, should be dismissed if a reconsideration motion remains pending, plaintiffs assert that "a district court's modification of an order might make all the difference in the world whether a discretionary appeal … is allowed." Doc. 13 at 8. But this is a false distinction. An order on a post-judgment motion likewise could affect whether a previously commenced appeal should proceed. In fact, the advisory committee's note to the 1993 amendment expressly recognized that the granting of a posttrial motion might substantially alter the decision on appeal:

> Because a notice of appeal will ripen into an effective appeal upon disposition of a posttrial motion, *in some instances there will be an appeal from a judgment that has been altered substantially because the motion was granted in whole or in part.*

Fed. R. App. P. 4(a)(4) advisory committee's note to 1993 amendment (emphasis added). In such cases, the advisory committee's note states that "[t]he appellee may … move to strike the appeal." *Id.* There is no reason to apply a different procedure to discretionary appeals. If the appellee believes that a reconsideration order substantially alters a decision subject to a discretionary appeal, it can move to strike the appeal. Plaintiffs have not done

so here, choosing instead to file what they call "responses" to the suspension order. Docs. 7 & 11.

## II. Defendants' Proposed Supplement To Their Previously Granted Petition Is Proper.

Under Rule 4(a)(4)(B)(ii), if an appellant also wishes to challenge the district court's ruling on a reconsideration motion decided after a notice of appeal has been filed, the appellant can file "an amended notice of appeal." Because defendants' Rule 23(f) petition already has been granted, it cannot be amended, but filing a supplement to that petition serves the same purpose: it enables this Court to consider the reconsideration order alongside the class-certification decision that the Court already has granted permission to appeal.

Both the Sixth and Ninth Circuits have allowed petitioners to supplement previously filed Rule 23(f) petitions. *See* Doc. 14 at 15. Plaintiffs say that "in neither instance did the court of appeals take any action while a reconsideration motion remained pending in the district court." Doc. 13 at 11. But that distinction misses the point of those precedents. Both courts granted leave for petitioners to supplement previously filed petitions to address later district-court decisions. If plaintiffs were correct that such supplementation is not permitted, then the courts in both cases would have denied the motions.

Instead, they "allowed petitioners to supplement" their previously filed Rule 23(f) petitions. *Id.* at 10. This Court should do the same here.

## III. The District Court's Order Granting Limited Reconsideration Does Not Moot Defendants' Appeal.

Plaintiffs grossly overstate the relevance of the reconsideration order to defendants' appeal. They even go so far as to assert that the original class-certification decision "no longer exists" and has been replaced by a "new and different certification decision" that "fundamentally reshaped" the original ruling. Doc. 13 at 1, 15. That assertion is baseless.

The reconsideration order did not alter the certified class in any way, and it left the vast majority of the district court's original decision untouched. The reconsideration order instead addressed only the one limited issue that plaintiffs raised: whether they can calculate damages arising from the first alleged corrective disclosure based on the theory that the 737 MAX would have been grounded at the start of the class period but for the alleged misstatements. Indeed, before seeing an opportunity to try to undo this Court's grant of permission to appeal, plaintiffs took the position that defendants' appeal and the reconsideration motion should proceed simultaneously. *See* Doc. 8 Ex. A.

Plaintiffs' argument (at 3) that the reconsideration order "substantially addresses the principal objection Defendants raised to the original Class Certification Order" is incorrect. As reflected in their petition, defendants' "principal objection" to the class-certification decision is that the district court erred in holding that merely reciting the legal standard for damages in securities cases "is all Rule 23(b)(3) and *Comcast* require[]." No. 26-8007, Doc. 1 at 9. The reconsideration order did not even mention that holding, much less change it.

Plaintiffs nevertheless contend that the reconsideration order moots defendants' *Comcast* objection because it "relies upon Dr. Tabak's full, merits classwide damages report," which "was served on Defendants and submitted to the District Court *before* the certification decision." Doc. 13 at 20-21. In certifying the class, however, the district court *denied* plaintiffs' request to supplement the class-certification record with Dr. Tabak's merits report, and the certification decision does not rely on that report in any way. No. 26-8007, Doc. 1, App. 23 n.6. Plaintiffs never asked the district court to reconsider that denial; the district court never did so; and defendants never had an opportunity to respond to Dr. Tabak's merits report in opposing certification.

Contrary to plaintiffs' suggestion, the reconsideration order does not reassess whether plaintiffs satisfied *Comcast* based on Dr. Tabak's subsequently submitted merits report. Instead, recognizing that "a court should not consider 'new evidence' on a motion for reconsideration," the district court's consideration of Dr. Tabak's merits report was limited to confirming "what the Court should have understood from the underlying class certification briefing: Plaintiffs only sought certification based on the Grounding Theory, not the Materialization of the Safety Risks Theory." Doc. 12-2, Supp. App. 18. The fact that the section of the reconsideration order that discusses Dr. Tabak's merits report does not even mention *Comcast* disproves plaintiffs' contention that the court redid its *Comcast* analysis using that report. *Id*. at 17-19.

Grasping at straws, plaintiffs assert that the reconsideration order *implicitly* considered Dr. Tabak's merits report because the district court accepted arguments that plaintiffs had "grounded" in that report. Doc. 13 at 16-17. But nothing in the reconsideration order suggests that the district court considered Dr. Tabak's merits report in accepting those arguments. The order instead makes clear that consideration of the report was isolated to confirming that it does not contain a damages model for a materialization-of-

the-safety-risks theory. Doc. 12-2, Supp. App. 17-19.

If anything, Dr. Tabak's merits report underscores the district court's *Comcast* errors. Despite assuring the district court at class certification that he could come up with a classwide damages methodology that accounts for varying levels of inflation in Boeing's stock price due to information about the 737 MAX that became public throughout the class period, Dist. Ct. Doc. 434-3 ¶¶ 44-45, Dr. Tabak's merits report calculates a *constant* level of inflation between each of the alleged corrective disclosures, Dist. Ct. Doc. 483-1 ¶¶ 82-93.

Plaintiffs contend that defendants' argument about varying inflation is now "moot" because, under plaintiffs' new grounding theory, the level of price inflation would have "remained constant until the Ethiopian Airlines crash." Doc. 13 at 19. But the Ethiopian Airlines accident is only the first of six alleged corrective disclosures. Defendants' argument is, and always has been, that Dr. Tabak's "methodology" fails to account for information that became public *after* the Ethiopian Airlines accident and that would have caused the level of inflation to vary *after* that alleged corrective disclosure. *See, e.g.*, Dist. Ct. Doc. 418 at 21 (failure to account for "widespread reporting of technical issues with MCAS and the 737 MAX's AOA sensors" after the Ethiopian Airlines

accident). Dr. Tabak's merits report does not remedy this defect.

The reconsideration order likewise does not "undermine[]" defendants' argument based on plaintiffs' materiality-through-repetition theory. Doc. 13 at 18. At the motion-to-dismiss stage, plaintiffs contended that certain safety statements became material due to their repetition, but plaintiffs failed to offer a classwide damages methodology consistent with that theory at class certification. Dist. Ct. Doc. 418 at 16-17. Contrary to plaintiffs' assertion, the reconsideration order does not "confirm[] that Plaintiffs are not proceeding on a materiality-through-repetition theory." Doc. 13 at 18. The order says nothing at all about that theory. Nor does the district court's decision to allow plaintiffs to proceed with their new grounding theory cure this defect because plaintiffs also relied on a materiality-through-repetition theory in arguing that safety statements made "[a]fter the second crash" were material. Dist. Ct. Doc. 305 at 16.

In fact, the reconsideration order creates a brand new error worthy of this Court's review. In opposing defendants' motion to dismiss, plaintiffs defended their allegation that the Ethiopian Airlines accident was a corrective disclosure by relying on "a 'materialization of the risk' theory." Dist. Ct. Doc. 305 at 42. In denying defendants' motion to dismiss that corrective

disclosure, the district court credited plaintiffs' theory that the Ethiopian Airlines accident reflected the materialization of concealed safety risks. Dist. Ct. Doc. 346 at 48-49. The reconsideration order nevertheless allows plaintiffs to walk away from the theory on which they relied "in opposing Defendants' motion to dismiss." Doc. 12-2, Supp. App. 12. Plaintiffs should not be permitted to advance one theory to avoid dismissal and then pivot to a different theory at class certification.

Lastly, plaintiffs concede that the second question presented by defendants' petition "concerning whether Boeing options traded in efficient markets" is unaffected by the reconsideration order. Doc. 13 at 21. Plaintiffs instead assert that "the market-efficiency objection would not have warranted review on its own." *Id.* But they offer no support for that assertion beyond their own *ipse dixit*.

To ratchet up the potential damages in securities class actions, plaintiffs increasingly seek to include options traders in the putative class together with stock purchasers. Here, the inclusion of options traders in the class increases plaintiffs' already-astronomical damages claim by more than a *billion* dollars. Even though this issue is highly consequential and arises with increasing frequency, no court of appeals has addressed the proper test for whether

options traded in efficient markets. This Court should do so now.

Attempting to relitigate this Court's decision to grant review of this question, plaintiffs argue that the factors commonly used to assess market efficiency for stock—the *Cammer* and *Krogman* factors—are irrelevant to options. Doc. 13 at 21-22. But plaintiffs themselves have cited district-court decisions (there are no court-of-appeals decisions on point) that applied these factors to options. Dist. Ct. Doc. 434 at 24-27; *see Rougier* v. *Applied Optoelectronics, Inc.*, 2019 WL 6111303, at *14 (S.D. Tex. Nov. 13, 2019); *Marcus* v. *J.C. Penney Co.*, 2016 WL 8604331, at *8-9 (E.D. Tex. Aug. 29, 2016). And the fact that this Court has not yet addressed those factors in any context (Doc. 13 at 22) counsels in favor of, not against, review.

## CONCLUSION

This Court should grant defendants' motion for leave to supplement their Rule 23(f) petition and set a briefing schedule for this appeal.

Dated: July 17, 2026

Respectfully submitted,

*/s/ Jeffrey B. Wall*

Jeffrey B. Wall
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
jwall@gibsondunn.com

John F. Hartmann, P.C.
Brenton A. Rogers
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
(312) 862-2000
john.hartmann@kirkland.com
brogers@kirkland.com

Craig S. Primis, P.C.
Katherine R. Katz
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
cprimis@kirkland.com
katherine.katz@kirkland.com

Richard C. Pepperman II
Benjamin R. Walker
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
peppermanr@sullcrom.com
walkerb@sullcrom.com

David N. Whalen
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
(202) 956-7500
whalend@sullcrom.com

*Counsel for Defendants-Appellants*
*The Boeing Company and Dennis A. Muilenburg*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation Fed. R. App. P. 27(d)(2) because it contains 2,600 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Century Expanded BT font.

*/s/ Jeffrey B. Wall*
Jeffrey B. Wall

Dated: July 17, 2026

## CERTIFICATE OF SERVICE

I certify that, on July 17, 2026, I caused the foregoing Defendants-Appellants' Reply in Support of Their Motion for Leave to File a Supplement to Their Rule 23(f) Petition to be electronically filed with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

*/s/ Jeffrey B. Wall*
Jeffrey B. Wall

Dated: July 17, 2026